1:CV00-1211

a-HABC CLOSED

U.S. District Court
U.S. District Court of Eastern Pennsylvania (Philadelphia)

CIVIL DOCKET FOR CASE #: 00-CV-2056

GOGOH v. RENO, et al                                    Filed: 04/20/00
Assigned to: JUDGE EDUARDO C. ROBRENO
Demand: $0,000                          Nature of Suit:  530
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)


NNABUGWU GOGOH               NNABUGWU GOGOH
    PETITIONER              55247
                            [COR LD NTC] [PRO SE]
                            Y.C.P.
                            3400 CONCORD RD.
                            YORK, PA 17402


     v.

                                        FILED
                                        SCRANTON
JANET RENO, UNITED STATES
ATTORNEY GENERAL                        JUL 03 2000
    RESPONDENT
                                        PER _____
                                            DEPUTY CLERK
FRANCES HOLMES, PENNSYLVANIA
DISTRICT DIRECTOR
    RESPONDENT


A TRUE COPY CERTIFIED FROM THE RECORD

DATED: 6-29-00

ATTEST: _____
    DEPUTY CLERK, UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF PENNSYLVANIA

Docket as of June 29, 2000 8:54 am                    Page 1

```
Proceedings include all events.                                  a-HABC
2:00cv2056 GOGOH v. RENO, et al                          CLOSED
```

| | | |
|---|---|---|
| 4/20/00 | 1 | Relator's petition for writ of habeas corpus. (mf) [Entry date 04/21/00] |
| 4/20/00 | -- | Habeas Corpus Case Management Track. (mf) [Entry date 04/21/00] |
| 4/26/00 | 2 | ORDER THAT THE PETITION IS DISMISSED WITHOUT PREJUDICE. ( SIGNED BY JUDGE EDUARDO C. ROBRENO ) 4/27/00 ENTERED AND COPIES MAILED. (lvj) [Entry date 04/27/00] |
| 4/26/00 | -- | Case closed (kv) [Entry date 04/28/00] |
| 5/5/00 | -- | Filing Fee Paid;  filing fee $ 5.00  receipt # 730725 (ajf) [Entry date 05/05/00] |
| 5/15/00 | -- | Filing Fee Paid;  filing fee $ 5.00  receipt # 731529 (ajf) [Entry date 05/15/00] |
| 5/24/00 | 3 | ORDER THAT PURSUANT TO 28 U.S.C. SECTION 1406(a) THIS MATTER IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA, THE COURT FINDING TRANSFER RATHER THAN DISMISSAL TO BE IN THE INTEREST OF JUSTICE. ( SIGNED BY JUDGE EDUARDO C. ROBRENO ) 5/24/00 ENTERED AND COPIES MAILED. (lvj) [Entry date 05/24/00] |
| 6/29/00 | -- | Original record together with certified copy of docket entries forwarded to the U.S. District Court for the Middle District of PA. (fb) [Entry date 06/29/00] |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NNABUGWU GOGOH

        Petitioner

    -v-

JANET RENO, UNITED STATES
ATTORNEY GENERAL ;
FRANCES HOLMES, PENNSYLVANIA
DISTRICT DIRECTOR.

        Respondent

Alien Number: A342-699-59

**FILED** 00cv 2056

APR 20 2000

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk



## PETITION FOR RELIEF PURSUANT
## TO 28 U.S.C. SECTION 2241

    Now comes, Nnabugwu Gogoh, petitioner and pro-se hereby respectfully moves this Honorable court to grant him nominal bail pursuant to Federal Rules of Civil Procedure 65(c) pending the resolution of the deportation proceedings. Petitioner asserts that his continued detention under section 236 of the Immigration and Nationality Act, Title 8 C Code of the Federal Regulation pending a final determination of his case violates his constitutional Due Process of his Fifth Amendment.

### IN SUPPORT OF THIS PETITION
### MR. GOGOH STATES THE FOLLOWING

    Petittioner is a native and citizen of Nigeria. Petitioner entered the United States on September 14, 1976 as an immigrant via JFK in New York City. Petitioner has lived in the New York City area since his arrival and has resided at his current address for more than Nineteen years. Petitioner recently completed a degree program at Laguadia Community College in Mortuary Science and was working towards his New York State Licence in Funeral Service.

(1)

On March 25th, 1999, Petitioner was convicted in the United States District Court for the Southern District of New York, for the offence of Bank Fraud, in violation of 18 U.S.C.§ 1344 and 2, and was sentenced to a period of four (4) months incarceration.

On or about July 22nd, 1999, petitioner was placed in removal procedings by issuance of a Notice to Appear, charging him with removability under Section 236, as defined in section 101(a)(43)(m) and (u). On October 6th, 1999, the Immigration Judge terminated removal procedings against petitioner finding that the I.N.S had failed to sustain the charges of removability. Petitioner was also released on his own recognizance. The I.N.S filed an EOIR- 43 at the end of the hearing and subsequently filed an appeal on both the custody order and the termination decision with the B.I.A.

Petitioner undertakes this petition because of his claim that his detention under Section 236 of the INA (Mandatory Detention) violates his constitutional Right to Due process as afforded by the Fifth Amendment, considering petitioners status as a Legal Permanent Resident and the Immigration Immigration Judges decision .

### Subject Matter and District Court Jurisdiction

Petitioner has been illegally detained at York County Prison in Pennsylvania since October 6th 1999 awaiting resolution of deportation proceedings. The District Court for Eastern District of Pennsylvania has jurisdiction over this Petition since petitioner is in custody and by virtue of Title 28 U.S.C § 2241 of the Federal Rules Of Criminal Procedure which allows person(S) being detained or held unlawfully to petition the Court in the Jurisdiction or district of Petitioner's confinement. The Fifth Amendment mandates that "No person shall be deprived of Life, Liberty, or Prosperity, without due process of Law". This due Process protection extends not only to United States citizens, but to any person within the Territorial UnitedStates. See. **Plyer V. Doe** 457 U.S 202. 102 S.Ct. 2382, 72 L.ED. 2d 786 (1982).

(2)

In 1996, Congress through the Anti-Terrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act(IIRIRA) attempted to narrow down and reduce judicial challenges in immigration rulings, but several courts have noted that the power of the "GREAT WRIT" to challenge issues of constitutional violation as it relates to aliens, both legaland illegal is still intact. See, <u>Sandoval v. Reno</u>, 166F.3d 225 (3rdCir.1999); <u>Desoussa v. Reno</u>, F. 3d 1999 WI 643171(3rdCir. 1999); and <u>Sandoval</u>, where the Third Circuit Court of Appeals held that (AEDPA) and (IIRIA) did not eliminate Habeas Corpus Jurisidiction over all deportation related claims under 28U.S.C.§ 2241, because there was not a clear statement of congressional intent to repeal Habeas Jurisdiction and it could not be repealed by implication. See <u>Sandoval</u>, 166 F.3d at 231-238.

Furthermore, this Court has jurisdiction to review this case because alien who had been denied release on bail pending deportation proceding was not required to exhaust administrative remedies priortto seeking Habeas Corpus review in Federal Court. See, <u>Montero v.Cobb</u>, 937 F. Supp. 88 (D.Mass. 1996); <u>Pastor -Camarera v. Smith</u>, 977 F.Supp. 1415 (W.D.Wash. 1997).

## ISSUES PRESENTED FOR REVIEW

Whether mandatory detention under 236 of INA, of a lawful permanent Resident of the United States, with well established family ties violates constitutional Due process of Fifth Amendement, as well as Eight Amendment prohibition against excessive bail?
Suggested Answer........Yes.

## ARGUMENT IN SUPPORT OF
## MANDATORY DETENTION OF MR. GOGOH VIOLATES HIS CONSTITUTIONAL DUE PROCESS

Petitioner, Mr. Gogoh, is a legal permanent Resident (LPR) of the United States, with well established family ties. Petitioner is presently detained illegally in the custody of the I.N.S at York County Prison, in the deportation proceedings. As a legal permanent Resident, he is entitled to a bail hearing, and denying a bail hearing based on the enactment of section 236 of INA, that governs the release of certain aliens, including but limited to aliens who had a legal entry into the United States violates the Due Process.

(3)

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "no person shall be deprived of Life, Liberty or Property without Due Process of Law". This Due Process is made up of two components, substantive and procedural.

Substantive Due Process gaurds against governmental interference with those rights implicit in the concept of ordered liberty.See, **Palko v. Connecticut,** 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288(1983).

Procedural Due Process focuses on the fairness of the Process used by the government when it acts to deprive a person of Life, Liberty or Property. See, **Mathews v. Etridge,** 424 U.S. 319, 76 S.Ct. 893, 47 L.Ed. 2d 18 (1976)

It is well settled that the Fifth Amendment entitled aliens in deportation proceedings to due process of law. See, **Reno v. Flores**, 507 U.S. 292, 113 S.Ct. 2072, 109 L. Ed. 2d 1 (1992); Plyer 457 U.S. at 202.

Petitioner claims that as a legal permanent resident in deportation proceedings, his detention implicates a liberty interest for which he has a right to a hearing. See, **United States v. Montalvo-Murilla,** 493 U.S. 711 S.CT. 2072, 109 L.Ed.2d 720 (1990).

Petitioner asserts that although congress had a legitimate regulatory goal in detaining aliens with criminal convictions, but their detention without a bail hearing to determine their danger to the community and their flight risk, that detention is excessive in relation to the regulatory goal. See, **United States v. Salerno,** 481 U.S. 739, 107 S.CT. 2095, 95 L.Ed. 2d 697 (1987), considering that deportation is not a criminal proceeding and it's purpose is not punitive. See, **INS v. Lopez-Mendoza,** 468 U.S. 1032 (1984); **Carlson v. Landon,** 342 U.S. 524 (1952).

(4)

Detention pending deportation is merely an incident to this process, it was not intended by congress as punishment for illegal entry into the contry,rather, the detention serves a regulatory purpose preventing aliens from absconding during the hearings. In addition, the detention safeguards the community from dangerous criminals.

In this case, petitioneris a first time offender, was arrested on or about April 9th,1998, and he was released on signature bond on the same day. He was later convicted on March 25th,1999, and self surrendered to the BOP on April 19th,1999. Petitioner had been gainfully employed up to the time of his incarseration. He supported his child and family in every aspect and is far from being a flight risk or a danger to society.

In <u>Reno v.Flores</u>,507 U.S. at 306, the supreme Court held that "congress has the authority to detain alien suspected of entering the Country illegally pending their deportation proceedings" it is not appplicable considering that deportation is not a criminal proceeding and it's purpose is not punitive. See, <u>INS V. Lopez-Mendoza</u>,468 U.S. 1032 (1984); <u>Carlson v.Landon</u>, 342 U.S. 524 (1952). Detention pending deportation is merely an incident to this process, it was not intended by cngress as punishment for illegal entry into the country rather, the detention serves as regulatory purpose preventing aliens from absconding during the hearings. In addition, the detention safeguards the community from dangerous crimianls.

In <u>Reno v. Flores,</u> 507 U.S. at 306, the supreme court held that "Congress had the authority to detain aliens suspected of entering the country illegally pending their deportation proceedings." It is not applicable in this case petitioner is a lawful permananent resident whose entry into the United States was legal, and who is protected under the Fifth Amendement of the United States.

The Immigration and Naturalizatin Act required the Attorney General to "take into custody any alien convicted of an aggravated felony upon release of the alien" from incarceration, pending a

(5)

determination that he was excludable. 8 U.S.C.§ 1226(e)(1) (1994);
See also 8U.S.C. § 1182(d)(5)(1994)(giving the Attorney General the
right to return into cusody a parole who had been allowed into the
country when, in her opinion, "the purposes of such parole shall.....
have been served") under that version of the Act, Congress required
that an excluded alien be " immediately deported," unless the Attorney
General concluded that, "in an individual case,....immediate deportation
is not practicable or proper"8 U.S.C.§ 1227(a)(1) (1994).

Petitioner contend that his conviction does not amount to
aggravated felony, nor a particularly serious crime that would warrant
mandatory detention.

### DUE PROCESS VIOLATION

Petitioner argues that the current law under section 236(c) of
the INA by which be is being detained is unconstitutional and violates
his due process right. The section provides that the Attorney General
shall take into custody certain criminal aliens upon completion of their
criminal sentence, and that they may not be considered for release.
Petitioner contend that section 236(c) of the INA Act does not apply
to petitioner and violated his due process because the out come of
petitioner case in un-resolve, which it the subject of section 236(c)of
the INA Act.

In 1988, Congress enacted a similar law (ADAA), in section 1252
(a)(2), which provided that any alien convicted of aggravated felony
offense be detained that alien convicted of aggravated felony offense
be detained upon copletion of the alien's sentence. But, several Courts
then found that such statute was in violation of the Fifth and the
Eight Amendment of the United States Constitution.

In Robert v.INS, 750 F.Supp.252 (E.D.Mich.1990), the Court
stated that no Act of Congress can authorize a violation of the Consti-
tution. The Court further wrote:-"The Fifth Amendment speaks

(6)

of persons, as does the Eight Amendment, it does not speak of citizens, it does not speak of residents, it speaks of persons.  All persons in the United States are entitled to fundamental due process, which is totally denied by the statute **8 U.S.C. § 1252(a)(2)**, in question.

The Supreme Court has made clear that "over or conceivable subject is the legislative power of congress more complete that it is over the admission of aliens."

**Oceanic Navigation Co. v. Stranahan**, 214 U.S. 320, 339, 29 S.Ct. 671, 676, 53 L.Ed. 1013 (1909); accord, **Kleindienst v. Mandel**, 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972)." **Id**.

The Supreme Court has " . . . long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the government's political departments largely immune from judicial control. **Shaughnessy v. Mezei**, 345 U.S. 206, 210, 73 S.Ct. 625, 628, 97 L.Ed. 956 (1953); See, e.g., **Harisiades v. Shaughnessy**, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

Finally, Congress enjoys such broad power over Immigration and Naturalization that it "regularly make rules that would be un-acceptable if applied to citizens." See, **Fiallo v. Bell**, 97 S.Ct. 1473 at 1478, 430 U.S. 787, 52 L.Ed.2d 50 (U.S.N.Y. 1977).

Furthermore, aliens are entitled to equal protection under the constitution, as are citizens. See, **Yick Wo v. Hopkins**, 118 U.S. 356 (1886). "An alien lawfully residing in the United States is entitled to equal protection under the Fourteenth Amendment" citing **Chapman v. Gerard**, 456 F.2d 577, 578 (3rd Cir. 1972).

In **Kellman v. District Director**, 750 F. Supp. 625 (S.D.N.Y. 1990), the Court ruled that Congress cannot constitutionally render a legal permanent resident alien in deportation proceedings ineligible for bail without a case by case determination of suitability for release on bail.

In **Paxton v. INS**, 745 F. Supp. 1261 (E.D.Mich. 1990), the Court held that "a statute that authorized mandatory denial of bail achieves the same result of violating the prohibition against excessive bail within the context of the Eight Amendment."

The Court in **Paxton,** followed the Supreme Court's reasoning in **United States v. Salerno,** 481 U.S. 739 (1987), and looked into the legislative intent behind 1252(a)(2) to determine if the regulations were excessive in light of the goal it sought to acheive, and that the mandate that "the Attorney General shall not release such felon from custody is precisely the type of Governmental conduct that shocks the conscience and interfers with right implicit in the concept of ordered liberty.

Petitioner further asserts that the mandatory detention provision under 236(c), which denied individualized determination of suitability for release on bail in the case of permanent residents, is truely unconstitutional and violated due process.

Under **8 U.S.C. § 1226(c)(1),** Congress seeks to detain virtually all criminal aliens, a much broader category that the group that 1252(a)(2) sought to detain.  By doing so, Congress would be imputing a purpose to injure society to all aliens.

In **U.S. v. Carlson,** 96 L.Ed. 547 (1952), the Supreme Court ruled that "a purpose to injure (society) could not be imputed to all aliens subject to deportation." Thus a case by case determination is essential to avoid errorneous deprivation of liberty.

In **Aquillera-Enriquez v. INS,** 516 F.2d 565 (6th Cir. 1975), **cert. denied,** 46 L.Ed.2d 638, the Court ruled that, if a procedure mandated by Congress does provide an alien with procedural due process, it must yield.  Section 1226(c)(1) is a procedure that was mandated by Congress that obviously does not provide for procedural due process and must yield to constitutional demands.

In **Martina v. Green,** 28 F. Supp.2d 1275 (D.Cola. 1998), the Court held that 1226(c) is unconstitutional on its face as it violates the substansive and procedural due process rights of aliens.

In **Van-Eeton v. Bedes,** 49 F.Supp.2d 1186 (D. or. 1999), "the Court stated that Section 1226(c) violates petitioner's due process right and ordered a bail hearing or release.  See also, **St. John v. McElroy,** 917 F.Supp. 243 (S.D.N.Y. 1996).

Particularly, petitioner contends that the mandatory detention violates his Due Process right, because his criminal case is not final, petitioner is entitled to a bail hearing to determine the outcome of petitioners case.

Petitioner is a legal permanent resident with well established family ties in the United States, which include his mother, two (2) brothers, sister, son and a host of relations who are all United States citizens.

Petitioner's continued detention has caused a lot of damage to his loved ones, especially his son of five (5) years of age. This detention without bail may cause petitioners family to seek public assistance which would lead to further hardship and poverty to his family, because petitioner is unable to work and support them any more.

Before a Court may grant a bail, it must consider four factors:

(1) That the plaintiff has made a strong showing that he is likely to prevail on the merits;

(2) That plaintiff wil be irreparably harmed unless the motion is granted,

(3) That granting the bail will not substantially harm other parties interested in the proceedings more than the refusal will harm the petitioner, and

(4) That the granting of the bail will not adversely affect the public interest. See, **Punnett v. Carter**, 621 F. 2d. 578 (3rd Cir. 1980); **Creamer v. United States Department of Agr.**, 469 F. 2d 1387, (3rd Cir. 1972); **Northern Pennsylvania Legal Services v. County of Lackawanna**, 513 F.Supp. 679 (M.D.Pa. 1981) (Nealon. J.). The determination of whether a bail should be issued depends on a balancing test of these four factors.

Petitioner has met all of the four criteria necessary in order for this Court to grant a bail, and will also like to inform this Court that petitioner will comply with any rules and regulations stipulated

by this court.

Petitioner contends that petitioner has no prior immigration violations, or any failure to appear in both criminal and removal proceedings. Petitioner is currently detained illegally at York County Prison, York, Pa. Petitioner maintains a good relationship with the staff and fellow detainees.

This Honorable Court has the authority to grant petitioner a bail hearing pending the outcome of petitioners deportation proceedings. **Walter v. Reno,** **167 F. 3d 1129 (9th Cir 1999).**

WHEREFORE, petitioner prays that this Honorable Court exercises its inherent power and jurisdiction pursuant to 28 U.S.C. sec. 2241, and grant petitioner a bail hearing and order his release pursuant to Fed. R. Civ. P. 65(C) to determine Petitioner's release.


Subscribed and Sworn to before
me on this _14th_, day of April, 2000.

                                   Respectfully Submitted,

                                   _Nnabugwu Gogoh_
                                   Nnabugwu A. Gogoh, Pro-Se
                                   Register No. 55247
                                   York County Prison
                                   York, PA 17402

## CERTIFICATE OF SERVICE

   I hereby certify that I have this _14th_ , day of April,2000, filed the original copy of the foregoing motion for relief pursuant to Title 28 U.S.C. See 2241, in the office of the clerk of the court and have mailed, postage prepaid one (1) copy each to ;

CC: Frances M. Holmes
    pennsylvania District
    1600 Callow Hill Street
    Philadelphia,P.A. 19130.

    United States District Court
    Eastern District of Pennsylvania
    601 Market Street, Room 2609
    Philadelphia, P A. 19106-1797.


Subscribe and Sworn to before
me on this _14th_ , day of March, 2000          Respectfully Submitted,


                                                *Nnabugwu Gogoh*
                                                Gogoh, Nnabugwu pro se
                                                York county prison #55247
                                                York Pa 17402

# UNITED STATES DISTRICT COURT

00cv2056

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Y.C.P., 3400 Concord Rd., York, PA 17402_

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

42133

Does this case involve multidistrict litigation possibilities?          Yes ☐    No ☐

*RELATED CASE IF ANY*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within
   one year previously terminated action in this court?          Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction
   as a prior suit pending or within one year previously terminated action in this
   court?          Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or
   any earlier numbered case pending or within one year previously terminated action
   in this court?          Yes ☐    No ☐

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All
      Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus 2241
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
      (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
      (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____
                              Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/20/00_        _____        _____
                       Attorney I.D.#

CIV. 609 (7/95)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Nwabogwu Gogoh

v.

Janet Reno, et al.

CIVIL ACTION

:      NO. 00cv2056

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.     ( ✓ )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)    Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)    Standard Management -- Cases that do not fall into any one of the other tracks.    ( )

APR 2 0 2000

4/20/00
Date

(Civ. 660) 7/95

00-2056

Mon May 15 14:04:47 2000

UNITED STATES DISTRICT COURT

PHILADELPHIA , PA

Receipt No. 400 731529
Cashier     zach

Tender Type CHECK

Check Number: 013025

Transaction Type  N

DO Code    Div No    Acct
4666        1       086900

Amount          $     5.00

00CV2056

G0GDH

**FILED**

MAY 1 5 2000

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

Mon May 15 14:04:47 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NNABUGWU GOGOH,  :  CIVIL ACTION

v.

JANET RENO, et al.,  :  NO. 00-2056

**FILED**

APR 2 6 2000

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

APR 2 6 2000

ORDER

**AND NOW,** this 26th day of **April 2000**, it appearing that petitioner has

filed a petition for Habas Corpus under 28 U.S.C. §2241, and

it further appearing that petitioner did not tender the required $5.00 filing

fee, and,

it further appearing that petitioner has not requested leave to proceed in

forma pauperis, it is hereby

**ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE.**[1]

AND IT IS SO ORDERED.

ENTERED

APR 2 7 2000

CLERK OF COURT

COPIES BY MAIL ON:

TO:

EDUARDO C. ROBRENO,  J.

---

[1]The Clerk shall promptly furnish petitioner with the in forma pauperis form, which
petitioner may return to the Clerk of Court within thirty (30) days, or in the alternative, tender the
require $5.00 filing fee to the Clerk of Court within thirty (30) days.

May 8, 2000
Re. Nnabuguo·Gogoh
v
Janet Reno, et.al
NO. 00-2056

Dear Mr. Kunz,

I am the plaintiff in the above mentioned civil action and am writing this letter so as to learn the progress of my case. In an Order filed on 4/26/00 and Entered on 4/27/00 this case was dismissed because of my failure to send the required $5.00 filing fee or request leave to proceed in forma pauperis. Because of my present incarceration, I asked a family member to send the required fee and am also sending it again to you in case they were unable to do so in a timely fashion. I have taken the liberty to enclose a copy of the dismissal order along with the fee. I further emplore this Honorable Court to not only re-open this case, but to also keep me abreast of its progression. Thank you in advance for any and all consideration in this matter.

Sincerely,
Nnabuguu Gogoh
Nnabuguu Gogoh 5524?
York Count Prison
3400 Concord Road
York PA 17402




# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NNABUGWU GOGOH,                    :            CIVIL ACTION

                         **F I L E D**

         v.

JANET RENO, et al.,          APR 2 6 2000        NO.  00-2056
                        MICHAEL E. KUNZ, Clerk
                      By _____ Dep. Clerk

                         ORDER

**AND NOW,** this **26th** day of **April 2000**, it appearing that petitioner has

filed a petition for Habas Corpus under 28 U.S.C. §2241, and

it further appearing that petitioner did not tender the required $5.00 filing

fee, and,

it further appearing that petitioner has not requested leave to proceed in

forma pauperis, it is hereby

**ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE.**[1]

AND IT IS SO ORDERED.

COPIES BY MAIL ON:

TO:

_____
EDUARDO C. ROBRENO,   J.

---

[1]The Clerk shall promptly furnish petitioner with the in forma pauperis form, which
petitioner may return to the Clerk of Court within thirty (30) days, or in the alternative, tender the
require $5.00 filing fee to the Clerk of Court within thirty (30) days.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NNABUGWU GOGOH,                    :    CIVIL ACTION

                                   :

                                   :

                v.                 :

                                   :

JANET RENO, et al.                 :    NO.  00-2056

**FILED**

MAY 2 4 2000

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

ORDER

**AND NOW,** this **22nd** day of **May 2000**, it appearing that

petitioner has filed a petition for Habeas Corpus under 28 U.S.C.

§ 2241, and

it further appearing that petitioner is incarcerated in York

County, Pennsylvania, and was convicted in the United States

District Court for the Southern District of New York,[1]

it is hereby **ORDERED** that pursuant to 28 U.S.C. § 1406(a),

this matter is **TRANSFERRED** to the United States District Court

---

[1]    28 U.S.C. § 2241 provides:
Where an application for a writ of habeas corpus is
made by a person in custody under the judgment and
sentence of a State court of a State which contains two
or more Federal judicial districts, the application may
be filed in the district court for the district wherein
such person is in custody or in the district court for
the district within which the State court was held
which convicted and sentenced him and each of such
district courts shall have concurrent jurisdiction to
entertain the application.  The district court for the
district wherein such an application is filed in the
exercise of its discretion and in furtherance of
justice may transfer the application to the other
district court for hearing and determination.
28 U.S.C. 2241(d).

for the Middle District of Pennsylvania, the court finding

transfer rather than dismissal to be in the interest of justice.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO,   J.

COPIES IN MAIL ON: _5-24-00_____

TO: _____

2