ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NNABUGWU GOGOH,             :
          Petitioner       :        NO.: 1:CV-00-1211
                           :
    v.                     :        (Judge Rambo)
                           :        PPSKC Belisario
JANET RENO, et al.,        :
          Respondents      :
                           :

FILED

AUG 8 2000

PER _____ 978
HARRISBURG, PA.    DEPUTY CLERK

**EXHIBITS TO RESPONSE OF JANET RENO**
**TO THE PETITION FOR WRIT OF HABEAS CORPUS**


DAVID M. BARASCH
United States Attorney


ANNE K. FIORENZA
Assistant U.S. Attorney
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108
(717) 221-4482


Dated:  August 8, 2000

# EXHIBIT 1

U.S. Department of Justice
Immigration and Naturalization Service



**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A34 269 959

In the Matter of:

Respondent: _____ GOGOH, Nnabugwu, Acho _____

C/O USINS PIT    1000 Liberty Ave.
Pittsburgh                                          PA    15222          (412) 395-4459
                  (Number, street, city, state and ZIP code)                              (Area code and phone number)

- ☐ 1. You are an arriving alien.
- ☐ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of Nigeria and a citizen of Nigeria;

3. You were admitted to the United States at New York City on or about September 14, 1976 as a Immigrant;

4. You were, on March 25, 1999, convicted in the United States District Court for the Southern District of New York for the offense of Bank Fraud in violation of Title 18 USC Sections 1344 and 2.

*10-6-99 / 18m*

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(D) of the Act, a law relating to an offense described in section 1956 of title 18, United States Code ( relating t laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transaction in property derived from specific unlawful activity) if the amount of the funds exceed $10,000.00.

*withdrawn — see I-261*

- ☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

- ☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:    TO BE DETERMINED
_____
                                          (Complete Address of Immigration Court, Including Room Number, if any)
on _____  at _____  to show why you should not be removed from the United States based on the
        (Date)                    (Time)
charge(s) set forth above.
                                                                                                          OIC
                                          _____
                                                   (Signature and Title of Issuing Officer)

Date:    7/22/99                                          Pittsburgh, PA
                                                              (City and State)

**See reverse for important information**

COPY

U.S. Department of Justice
Immigration and Naturalization Service

## Additional Charges of Inadmissibility/Deportability

In:  ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent:  GOGOH, Nnabugwa Acho

File No:  A34 269 959          Address:  c/o USINS, York Country Prison, 3400 Concord Rd., York, Pennsylvania 17402

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, in that at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(M) (an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000) of the Act.

*Denied 10-6-99*

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☐ in lieu of those set forth in the original charging document:

5.  The loss to the victim in the above stated conviction exceeds $10,000.

*Denied 10-6-99*

RECEIVED
DEPARTMENT OF JUSTICE
99 SEP 14  PM 2: 21
EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW
IMMIGRATION COURT
YORK, PENNSYLVANIA

Dated:  09/14/99          _Daryl F. Gloom_
                           (Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

...itional allegations (continued):

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Certificate of Service

This charging document was served on the respondent by me on _____, in the following manner and in
                                                                            (Date)
compliance with section 239(a)(1)(F) of the Act:

☐ in person                  ☐ by certified mail, return receipt requested            ☐ by regular mail
to: _____
                                              (Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the
consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____                    _____
(Signature of respondent if personally served)                    (Signature and title of officer)

U.S. Department of Justice

Immigration and Naturalization Service

# Additional Charges of Inadmissibility/Deportability

In:  ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent:  GOGOH, Nnabugwu Acho

File No.: A34 269 959  Address:  York County Prison, 3400 Concord Road, York, PA 17402

There is lodged against you the additional charge that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended ("the Act"), as an alien who has been convicted an aggravated felony at any time after admission, to wit, an attempt to commit an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000, under section 101(a)(43)(M) and 101(a)(43)(U) of the Act.

*Denied*
*10-6-99.*

In support of the additional charges above there is submitted the following factual allegation(s) ☐ in addition to  ☐ in lieu of the allegations set forth in the original charging document

Dated:  9/24/99

_____
(Signature of Service Counsel)

*Served in*
*Court on*
*10-6-99*

Form I-261(Rev. 4/1/97)N

# EXHIBIT 2

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT:    NNABUGWU ACHO GOGOH
CASE NUMBER:    1:98CR00864-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ year(s)

**1. THE FOUR MONTHS OF HOME DETENTION SHALL NOT INTERFER WITH THE DEFENDANTS ABILITY TO GO TO WORK.**

**2. THE DEFENDANT SHALL BE SUPERVISED IN DISTRICT OF RESIDENCE.**

**3. THE DEFENDANT SHALL PAY A FINE OF $2,000.00.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page  4  of  6

DEFENDANT:      NNABUGWU ACHO GOGOH

CASE NUMBER:    1:98CR00864-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $        100.00 | $       2,000.00 | $ |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐  The interest requirement is waived.

  ☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred until  _____ .  An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

|  | Totals: | $ _____ | $ _____ |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AC-245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT:    NNABUGWU ACHO GOGOH

CASE NUMBER:    1:98CR00864-001

# SCHEDULE OF PAYMENTS

    Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

    Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

    The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

THE SPECIAL ASSESSMENT SHALL BE PAID IMMEDIATELY.

THE $2,000.00 FINE SHALL BE PAID DURING THE COURSE OF THE DEFENDANTS PERIOD OF HOME DETENTION AND SUPERVISED RELEASE AT THE RATE OF 20% OF HIS GROSS SALARY EVERY MONTH.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

    Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __6__ of __6__

DEFENDANT:     NNABUGWU ACHO GOGOH
CASE NUMBER:     1:98CR00864-001

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

    Total Offense Level:     10

    Criminal History Category:    **II**

    Imprisonment Range:   **8 TO 14 MONTHS**

    Supervised Release Range:  **3 YEARS**

    Fine Range: $ ____2,000.00____ to $ ___1,000,000.00___

        ☐ Fine waived or below the guideline range because of inability to pay.

    Total Amount of Restitution:  $ _____

        ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

        ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

        ☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☐ The sentence departs from the guideline range:

        ☐ upon motion of the government, as a result of defendant's substantial assistance.

        ☐ for the following specific reason(s):

P21

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### PRESENTENCE INVESTIGATION REPORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No.: 98 CR 864-01 (HB) |
| vs. | ) | |
| NNABUGWU ACHO GOGOH | ) | Sentence Date: March 11, 1999 |

---

| | |
|---|---|
| **Prepared For:** | The Honorable Harold Baer Jr.<br>U.S. District Judge |
| **Prepared By:** | Brian M. McNulty<br>U.S. Probation Officer<br>212-805-5055 |

**Assistant U.S. Attorney**
Meir S. Feder
(212) 637-2473

**Defense Counsel**
Cary Bricker
Federal Defenders
52 Duane Street 10th Fl.
New York, N.Y. 10007
(212) 417-8734

**Offense:** Count One: BANK FRAUD (18 USC 1344 and 2), a Class B Felony

**Penalties:** Maximum 30 years imprisonment, maximum 5 years supervised release, maximum fine $1,000,000, and a $100 special assessment

**Release Status:** $20,000 PRB cosigned by two FRPs under no pretrial supervision since his arrest on A 9, 1998

**Detainers:** None

**Codefendants:** None

**Related Cases:** None

CONFIDENTIAL
PROPERTY OF U.S. COURTS
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS. TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST
DISCLOSURE AUTHORIZED ONLY TO
COMPLY WITH 18 USC 4208(b)(2).

**Identifying Data:**

| | | | |
|---|---|---|---|
| Date of Birth: | June 17, 1970 | Age: | 28 |
| Race: | Black | SS No: | 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 |
| Sex: | Male | FBI No: | 239463NA1 |
| Marital Status: | Single | NYSID No: | 6905118H |
| Education: | A.S. Degree | USM No: | 41773-054 |
| Dependents: | One | INS ID No: | A34269959 |
| Address: | 650 East 221st Street 3rd Fl.<br>Bronx, N.Y. 10467 | Citizenship: | Nigeria<br>U.S. Permanent Resident |

Gogoh, Nnabugwu Acho                                    P21296 - B.McNulty

2

## PART A.    THE OFFENSE

### Charge(s) and Conviction(s)

1.   Indictment 98 CR 864 (HB), filed in the Southern District of New York on August 6, 1998, charges that in August, 1997, in the Southern District of New York, Nnabugwu Acho Gogoh did execute a scheme to defraud a financial institution by depositing a forged check drawn on an account at Fleet Bank into an account at Citibank.

                              (18 USC 1344 and 2)

2.   On December 2, 1998 the defendant appeared before the Honorable Harold Baer, Jr. in the Southern District of New York and pled guilty to the above charges without the benefit of a plea agreement. Sentencing is scheduled for March 11, 1998.

3.   Pursuant to the suggestion of the Court in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991), the Government has outlined their analysis of the defendant's Guideline calculations in a letter to defense counsel dated November 26, 1998 summarized as follows:

     a.   §2F1.1 is applicable, resulting in a base offense level of 6.

     b.   Because the two stolen checks, fraudulently signed and deposited which were made out in the amounts of $35,353.95 and $39,995, totaling $75,348.95, exceeded $70,000 but did not exceed $120,000, the base offense level is increased by 6 levels.

     c.   Because the offense involved more than minimal planning, the offense level is increased by 2 levels.

     d.    By pleading guilty to the crime charged and assuming an allocution acceptable to the court prior to the Government's initiation of trial preparation, the defendant demonstrated acceptance of responsibility warranting a two level reduction pursuant to §3E1.1(a).

     e.   In accordance with the above, the applicable Guidelines offense level is 12.

     f.   Based upon the information now available to the Government, (including representations by the defense) the defendant has no criminal history points resulting in a Criminal History Category of I.

     g.   An offense level of 12 and Criminal History category of I, yields a sentencing range of 10 - 16 months.

Gogoh, Nnabugwu Acho                                    P21296 - B.McNulty

3

### The Offense Conduct

4.    On March 12, 1998, the owner of McCall's Bronxwood Funeral Home in the Bronx, New York informed a special agent of the Federal Bureau of Investigation that a blank check dated August 11, 1997, drawn on a Fleet Bank located in the Bronx, had been stolen from his business in August of 1997, which bearing his forged signature, was made out and cleared Fleet Bank in the amount of $35,353.95.

5.    The victim stated that the check was made out in an amount almost equal to the entire balance of the account and that only an employee of his business could have had knowledge of the account balance and access to the check book from which the check was stolen. He added that he had hired Nnabugwu Acho Gogoh about one month before the check was stolen and that he had never had a check stolen prior to hiring Gogoh.

6.    On April 6, 1998, the agent interviewed Gogoh and showed him the forged check. Gogoh stated to the agent that he stole the forged check from the victim's business and gave the check to an individual named "Mike" with whom he arranged to split the proceeds in half once the check had been deposited. The Fleet Bank check was deposited into a Citibank account in Manhattan. Gogoh claimed that he never actually received any proceeds from Mike.

7.    This scheme included a second stolen check drawn on the same account dated August 7, 1997 made out for $39,995 which was returned unpaid due to insufficient funds.

### Victim Impact

8.    The Government advises that because the two stolen checks were not cleared from Citibank, McCall's Bronxwood Funeral Home, the victim, did not lose the associated funds.

### Adjustment for Obstruction of Justice

9.    The probation officer has no information to suggest that the defendant impeded or obstructed justice at the time of the arrest, or during the investigation or prosecution of the offense.

### Adjustment for Acceptance of Responsibility

10.    On advice of counsel, the defendant made no statement relative to his conduct in the instant offense.

Gogoh, Nnabugwu Acho                                    P21296 - B.McNulty

4

### Offense Level Computation

11.    The 1998 edition of the <u>Guidelines Manual</u> has been used in this case.

### Count One - Bank Fraud

12.    **Base Offense Level:** The guideline for violation of 18 USC 1344 and 2 is found in §2F1.1 and calls for a base offense level of 6.                                    <u>6</u>

13.    **Specific Offense Characteristic:** This scheme involved the deposit of two stolen checks totaling $75,348.95 which is more than $70,000 but is not more than $120,000. The offense level is increased six levels pursuant to §2F1.1(b)(1)(G).    <u>6</u>

14.    **Victim-Related Adjustments:** None.                                            <u>0</u>

15.    **Adjustments for Role in the Offense:** None.                                  <u>0</u>

16.    **Adjustment for Obstruction of Justice:** None.                               <u>0</u>

17.    **Adjusted Offense Level (Subtotal):**                                         <u>12</u>

18.    **Adjustment for Acceptance of Responsibility:** Based on the defendant's plea allocution, we believe that the defendant has shown recognition of responsibility for the offense.  Pursuant to §3E1.1(a), the offense is reduced two levels.    <u>-2</u>

19.    **Adjusted Offense Level:**                                                    <u>10</u>

20.    **Chapter Four Enhancements:** None.                                           <u>0</u>

21.    **Total Offense Level:**                                                       <u>10</u>

## PART B. DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudications

22.    None.

### Adult Criminal Convictions

23.    Available information indicates that this defendant was represented by counsel in all matters resulting in a conviction, unless otherwise noted.  (Since 1965, the right to legal counsel representation has been mandated by Article 18-B of the New York State Counties Law.)

Gogoh, Nnabugwu Acho                                              P21296 - B.McNulty

5

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 24. | 6/4/91 Age: 20 | Attempted Grand Larceny 3rd Degree; New York County, N.Y. Supreme Court (6605-91) | 1/10/92: $1,000 fine, 5 years probation 2/24/95: 4 months weekend custody and finish probation | 4A1.1(c) | 1 |

25. From March 18, 1991 through May 31, 1991, while employed as a supervisor for United Parcel Service on West 43rd Street in Manhattan, Gogoh stole approximately $100,000 worth of merchandise which was under his custody. On March 18, 1991, a package valued at $25,000 was signed in by the defendant, and on the following day, the empty package was found in the second floor men's room. On April 19, 1991, a package valued at $25,000 signed in by Gogoh was missing. On April 25, 1991, a package valued at $25,000 signed in by Gogoh was missing. On May 31, 1991, one $8,000 and one $16,000 valued item signed in by Gogoh were missing. Gogoh subsequently admitted to the UPS Loss Prevention Officer that he had stolen items on March 18, 1991, May 31, 1991, and several other occasions.

26. Gogoh was resentenced for this offense following a violation of probation relative to the offense committed on August 26, 1994 noted below. He was discharged from probation on January 9, 1997.

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 27. | 8/26/94 Age:23 | Unauthorized Use of a Vehicle 3rd Degree; Bronx County, N.Y. Criminal Court (94X042230) | 1/13/95: 30 days custody or $150 fine (paid fine) | 4A1.1(c) | 1 |

28. The defendant was stopped for driving past a posted stop sign at the corner of East 221st Street and Carpenter Avenue in the Bronx. The arresting officer discovered that the 1991 Isuzu Rodeo which the defendant was driving, was missing its Vehicle Identification Numbers from the driver side door and firewall. The vehicle was reported stolen on February 23, 1994.

Criminal History Computation

29. The total of the criminal history points is 2. According to the sentencing table at Chapter 5, Part A, 2 criminal history points establish a Criminal History Category of II.

Gogoh, Nnabugwu Acho                                    P21296 - B.McNulty

6

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

30.    Nnabugwu Gogoh was born June 17, 1970 in Aba, Nigeria. He is the second of four children born to the marital relationship of Monday Gogoh, who died from a diabetic coma in 1994 at the age of 60 years, and Christiana Gogoh nee Nwokocha, age 47, who resides in the same building as the defendant at the case address. The defendant's father was a school teacher in the Bronx and his mother is employed as a case worker by the Department of Social Services.

31.    When the defendant was six years of age in 1976, his father sponsored the defendant, his mother and sister to become permanent residents in the U.S. They resided in Yonkers for four years before moving to the current address - in the Norwood section of the Bronx - in 1980. The family continues to reside in the same building except for the defendant's sister who married. The defendant reported no difficulties or problems in his formative years.

32.    Gogoh's sister, Nnebuwhe Ochiobi, age 30, is employed as a social worker for the American Red Cross, and resides in the Bronx. She confirmed family data. Gogoh's brother, Onweremadu Gogoh, age 23, is employed as a mail clerk for an investment firm. Okebugwu Gogoh, age 21, is currently attending college.

33.    Gogoh resides with his girlfriend, Charlene Challenger, who is employed as an administrative assistant for the Morris Heights Health Center. They have one child, Nnamdi Gogoh, age 4, who resides with them at the case address.

### Physical Condition

34.    The defendant stands 5'10" tall and weighs 180 pounds. He has brown eyes and brown hair. He has a scar on the left side of his chest and scars on his legs. He said that he was involved in a car accident in 1995 in which he shattered his knee. He reported no other health issues.

### Mental and Emotional Health

35.    The defendant reported no history of mental or emotional problems nor treatment for same.

### Substance Abuse

36.    The defendant reported no history of drug use and only social drinking. The results of his urine drug screen were negative for illicit drugs.

Gogoh, Nnabugwu Acho                                            P21296 - B.McNulty

7

Education and Vocational Skills

37.  Gogoh graduated from Samuel Gompers Vocational Technical High School in June of 1988.
     Records indicate "good" ratings in all areas. He reportedly attended City College full time for
     two semesters between 1988 and 1989. Their Office of the Registrar responded that they
     could not release information until an encumbrance is lifted from the defendant's record.

38.  Gogoh reported receiving a Mortuary Science Degree after attending LaGuardia Community
     College between March, 1995 and June, 1996. Records are awaited. Gogoh attended the
     American Academy McAllister Institute of Funeral Service from September, 1997 until he
     graduated in August, 1998. Records indicate "good" ratings in all areas. He said that he
     subsequently passed the National Board Exam for funeral service and is awaiting his
     certificate.

Employment

39.  Gogoh began part time employment for McCall's Funeral Home on July 8, 1997. He stole the
     check relative to the instant offense in August, 1997 from this business, and continued his
     employment there until he resigned on September 17, 1998. McCall's verified that he was
     employed for clerical duties while attending the mortuary science school (McAllister).The
     administrator commented that he possessed good public presentation skills and that they were
     negotiating to hire him full time upon completing course work when Gogoh resigned. Gogoh
     reported that he didn't like the people at McCall's "Some people you just don't like." He was
     subsequently hired during the same month by Timothy A. Davis, a funeral director in
     Manhattan. Gogoh said that he was paid $400 per week from September, 1998 until he had
     to stop working two months later because the New York State Board of Health did not yet
     send a residency application for Gogoh to this funeral home. Gogoh reported commencing
     his current employment as a funeral director apprentice with Bentta's Funeral Home located
     at 630 St. Nicolas Avenue in Manhattan on January 11, 1999, subsequent to receiving his
     New York State Board of Health resident registration card, the number of which is R-4286
     and expires January 11, 2000.

40.  Between October, 1993 and March, 1996, Gogoh was employed as a cleaner for
     Metropolitan Transit Authority where he earned $12.35 per hour until he resigned, reportedly
     because it conflicted with school. MTA only verified dates of employment and salary.

41.  Between August, 1991 and March, 1993, Gogoh was reportedly employed as an assistant
     manager at Oak Tree, a men's clothing store within the Cross County Shopping Center in
     Yonkers, New York. Records are awaited. He said that he had to quit after his father suffered
     from strokes.

Gogoh, Nnabugwu Acho                                              P21296 - B.McNulty

8

42.    Between April, 1990 and May 1991, Gogoh said that he loaded and unloaded trucks for the United Parcel Service but could not recall why he left. A prior local presentence report revealed that he was terminated relative to criminal conduct articulated in the Criminal History section of this report.

Financial Condition: Ability to Pay

43.    Gogoh reported one personal bank account with a balance of $50 and no further assets. He reported a net monthly income of $960 from employment as a funeral director apprentice at Bentta's Funeral Home. He reported $480 in necessary monthly expenses.

44.    He reported liabilities which included $13,000 in student loans and over $3,000 in credit card debt. Equifax Credit Information Service confirmed this debt and also listed a judgement in the amount of $2,950 owed to Diamond Finance Company.

45.    Gogoh provided a copy of his 1995 income tax return which reflected an adjusted gross income of $13,456. A response from the Internal Revenue Service is awaited.

## PART D.  SENTENCING OPTIONS

Custody

46.    **Statutory Provisions:** The maximum term of imprisonment is 30 years. 18 USC 1344.

47.    **Guideline Provisions:** Based on a total offense level of 10 and a Criminal History Category of II, the guideline range for imprisonment is 8 to 14 months. The minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment, pursuant to §5C1.1(d).

Supervised Release

48.    **Statutory Provisions:** If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than five years, pursuant to 18 USC 3583(b)(1).

49.    **Guideline Provisions:** The guideline range for a term of supervised release is at least three years but not more than five years, pursuant to §5D1.2(a)(1). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to §5D1.1(b).

# EXHIBIT 3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
York, Pennsylvania

File No.:    A 34 269 959                          October 6, 1999

In the Matter of              )
                              )
NNABUGWA ACHO GOGOH,          )        IN REMOVAL PROCEEDINGS
                              )
         Respondent           )

CHARGES:      INA Section 237(a)(2)(A)(iii), with reference to
              Section 101(a)(43)(D), 101(a)(43)(M), and
              101(a)(43)(U) -- attempts.

APPLICATION:  Termination.

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Stephen D. Converse, Esquire          Jeffrey Bouvier, Esquire
Anderson, Converse & Fenwick, P.C.    Theodore Murphy, Esquire
1423 East Market Street               Assistant District Counsels
York, Pennsylvania  17403             3400 Concord Road
                                      York, Pennsylvania  17402

## ORAL DECISION OF THE IMMIGRATION JUDGE

        Respondent is a permanent resident of the United

States, a native and citizen of Nigeria.  He has been a resident

since 1976, at which time he was about 5-years-old.  He has been

convicted of one crime alleged on the Notice to Appear that may

make him removable.

        The respondent has admitted the conviction, which

occurred March 25, 1999 in the U.S. District Court, for the

Southern District of New York.  The offense is bank fraud, and

it's alleged that it's in violation of 18 U.S.C. Section 1344 and

cam

18 U.S.C. Section 2.  The Immigration Service has also presented to the Court records of conviction, this Court will mark as Exhibit 4B.  The records include a Judgment of Conviction, showing (1) in 18 U.S.C. 1344 and (2) nature of offense bank fraud.  Date of offense included 8/31/97.  The number of counts one.  The Immigration Service has also provided to the Court a Pre-sentence Investigation Report as Exhibit 4C.

The issue in this case is a purely legal one, legal with respect to interpretation of various sections of the INA, and also legal with respect to the interpretation of the documents showing conviction before the Court.  It is the same issue addressed by the Board in <u>Matter of Onyido</u>, Int. Dec. 3379 (BIA March 4, 1999), although there is a little different factual twist to this case.

When we read the Board's decision (i.e., the majority) in <u>Onyido</u>, we conclude that it stands for the view that (1) it does not matter whether a person is charged under Section 101(a)(43)(U) in order to find that a person is actually subject to removal under that section, if the offense that is in fact charged, includes attempt as a lesser included offense; (2) under Indiana law in question in <u>Onyido</u>, the issue has already been settled that a conviction for fraud does encompass as a lesser included offense, a conviction for attempted fraud; (3) the loss to the victim referred to Section 101(a)(43)(M)(i) and does not

A 34 269 959                    2                    October 6, 1999

cam

need to be an actual loss, but can be an intended or potential
loss ("potential" is the word by the INS in the Notice to Appear
in that case).  Applying those criteria to the case before us,
would find that it does not matter whether the Service has made a
charge under Section 101(a)(43)(U).  In fact, it has.  But, even
if it had not under Onyido, it would be possible to find that the
respondent was in fact removable from the United States under
that section, since by virtue of paragraph (1) above.  With
respect to paragraph (2), there has been no evidence presented
showing that the crime of "attempt" is a lesser included offense
under federal law for an offense under 18 U.S.C. Section 1344 or
2.  With respect to point (3), if point (2) is indeed not the
actual loss, but the intended loss that we have to consider.  The
descents in Onyido makes clear that this view is a departure from
the Board's earlier law that otherwise would require the
Immigration Court not to look behind the conviction or to review
the facts underlying the conviction.  It therefore appears that
in these particular fraud type cases, it is possible, according
to the Board's decision, to actually look behind the record of
conviction to conclude that the respondent might have been
convicted of some other lesser included offense, such as attempt
or conspiracy to commit the substantive offense, whether in fact
he was or not.

There is a fourth issue that arises here that

A 34 269 959                    3                    October 6, 1999

cam

apparently is not addressed by <u>Onyido</u>, and that is whether or not

the issue of the intended loss to the victim is decided on the

basis of the records of conviction alone, or whether in

determining the amount of intended loss one can also consider the

facts that are not included in the record of conviction.

As just noted, the Court does not have evidence in this

case that paragraph (2) is met. Therefore, we do not have a

point of law that must be met under the Board's <u>Onyido</u> in order

to establish a conviction by clear and convincing evidence, and

that is whether or not an attempt to commit this crime under

federal law is a lesser included offense for the crime itself.

With respect to point (4), the Court finds that the

record of conviction, as that term is used in BIA caselaw, and as

it is used in INA Section 240(c)(3)(B), does not support a view

that there was a loss to the victim, intended or otherwise in

this case. The judgment itself consists of six pages. It has a

heading entitled, "Criminal Monetary Penalties", which include

both assessments, fines and restitution. There's an assessment

of $100, a fine of $2,000, but restitution is left blank. There

is also on that page, which is page 4 of 6 of the judgment, a

heading, "Restitution," with spaces for boxes to be checked and

the names of payees to be put down, and nothing is included.

The Immigration Service has argued that the pre-

sentence report should be considered as part of the record of

A 34 269 959                    4              October 6, 1999

cam

conviction, because the Court specifically adopts the findings of the pre-sentence report in the judgment. Findings, with respect to sentencing, are not the same as the elements of the crime. Many things are included in pre-sentencing reports that are taken as true, that have nothing whatsoever to do with the elements of a crime. The defendant's arrests, as opposed to convictions, can be included in the pre-sentence report. And, certain inferences regarding behavior can be made on the basis of those arrests, while such information could not be used to sustain a conviction itself. There's no doubt in this Court's mind, that a pre-sentence report clearly goes beyond the record of what constitutes the actual "conviction," as the Board has used that term in limiting our consideration of the crime that a person has actually been convicted of to the consideration of the record of conviction. The Court does note that the pre-sentence report says the following: "because the two stolen checks, fraudulently signed and deposited, which were made out in the amounts of $35,353.95 and $39,995, totalling $75,348.95, exceeded $70,000, but did not exceed $120,000, the base offense level is increased by six levels." This is therefore one of the considerations that the Court took into account in sentencing. In fact it was mandatory consideration under the U.S. sentence guidelines. Nonetheless, it does not show an element of the crime. There is no indication that the crime in question requires as an element,

cam

that the loss to the victim be greater than $10,000, or that the intended loss to the victim be greater than $10,000. There is no restitution ordered in the judgment, showing that there has been no actual loss to the victim, and there is nothing else in the judgement itself, that shows that the intended loss to the victim or victims exceeds $10,000. Finally, as noted above, there is no law presented to this Court by the Immigration Service in support of its allegation of deportability, showing that the respondent's conviction for bank fraud has as a lesser included offense, an attempted bank fraud. It is that last point that distinguishes this case from Onyido. And while Onyido -- the majority's decision therein -- is the law the Court must follow, it is not specifically applicable to the facts before us, because of this material distinction. That the distinction is material, is very clear from the Board's citation to Houston v. State, 528 N.E.2d 818 (Ind. Ct. of App. 1988) four times in its decision. This Court therefore finds that the Immigration Service has not met its burden of proving by clear and convincing evidence that the respondent has been convicted of a crime for which the loss to the victim is $10,000. In finding this, the Court holds that the statute under which he was convicted does not require a loss to the victim, let alone a loss in that amount.

With respect to the allegation under INA Section 101(a)(43)(U), the Court finds that the respondent has not been

A 34 269 959                    6                    October 6, 1999

cam

convicted of an attempt to defraud the banks, but only of bank fraud, and no evidence has been presented to show that a conviction for bank fraud, includes as a lesser included offense, an attempted bank fraud.  The charge under 101(a)(43)(U) is therefore not sustained, as well.

The Immigration Service withdrew the initial charge in this case under Section 101(a)(43)(D).  The Court therefore finds that none of the charges are sustained and this case should be terminated for that reason.

<u>ORDER</u>

IT IS ORDERED that these proceedings shall be and are hereby terminated.


WILLIAM VAN WYKE
Immigration Judge


A 34 269 959                    7                    October 6, 1999

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

WILLIAM VAN WYKE  in the matter of:

NNABUGWA ACHO GOGOH

A 34 269 959

York, PA

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_____
(CHERYL A. MANCE, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344


_____
November 11, 1999
(Completion Date)

# EXHIBIT 4

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:

_Googoh, Nnabuqwa_

RESPONDENT

Case No.: A _34-269-959_

Docket: _York_

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _10 / 6 / 99_ .
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐ The respondent was ordered deported to _____ .

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to_____ .

☐ Respondent's application for voluntary departure was granted until _____ , with an alternate order of deportation to _____ or _____ .

☐ Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

☒ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☐ Other _____

☐ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_Appeal reserved by INS,_
_due 11/5/99_

Immigration Judge

Date: _10/6/99_

Form EOIR - 37
MAR. 93

# EXHIBIT 5

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE IMMIGRATION COURT
YORK, PA

RECEIVED
DEPORTATION REVIEW

1999 DEC -9 P 3: 18

SCHATZ, OFFICE
...ATION SECT.- YORK PA

In the Matter of

Nnabugwa Acho GOGOH

           **Applicant**

In Bond Proceedings
File No. A34-269-959

Charges: INA § 237(a)(2)(A)(iii) "aggravated felony," with reference to INA §101(a)(43)(M), fraud with loss to victim exceeding $10,000 and (U) attempt

Application: Bond redetermination

On behalf of the INS:

Theodore J. Murphy
Asst. District Counsel
3400 Concord Rd.
York, PA 17402

On behalf of bond applicant:

Steven D. Converse
Anderson, Converse & Fennick
1423 E. Market St.
York, PA 17403

## WRITTEN MEMORANDUM OF BOND DECISION

Respondent has been a lawful permanent resident of the United States since he was admitted on September 14, 1976 at age 5. He has lived all his life in the New York area. He resided there with his elderly widowed mother when arrested for his sole crime in the U.S., aiding and abetting bank fraud, of which he was convicted in the District Court for the Southern District of New York on March 25, 1999 under 18 U.S.C. §§1344 and 2. His two brothers and sister are United States citizens. He himself is engaged to a United States citizen. He was released to the INS by the Bureau of Prisons on August 18, 1999, and will be on supervised release until December 1999.

At issue in this case is whether the loss to the victim exceeds $10,000. If it does, his conviction constitutes what Congress has labeled an "aggravated felony" and he is ineligible for a bond under INA §236(c)(1) since he was released after October 8, 1999 (see IIRIRA §303(b)(2)). If the loss to the victim does not exceed $10,000, the conviction is not an "aggravated felony" but nonetheless constitutes a crime involving moral turpitude. But since it is his only conviction, it does not prevent him from seeking a bond, INA §236(c)(1)(B), or, for that matter, entail

deportability since it is his only such conviction and was committed 22 years after his admission to the United States, INA §237(a)(2)(A)(i). Indeed, the INS has not charged him with deportability under that section.

On October 6, 1999 the court terminated proceedings on the ground that the respondent was not deportable as charged. Following termination of the removal proceeding, the court held this bond hearing. Under Matter of Joseph (II), Int. Dec. #3398 (BIA 1999), when an immigration judge's removal decision precedes the bond determination, the removal decision may properly form a basis for the court's determination of whether the person is "properly included" in a mandatory detention category under 8 CFR §3.19(h)(2)(ii). Consistent with its termination decision, the court found he was not, and was therefore eligible for a bond.

In this case the judgement of conviction does not recite any loss, or require respondent to pay any restitution. The pre-sentence investigation report says the respondent played a role in a scheme to cash checks of face value greater than $10,000, but the checks were never paid by the bank. Respondent contends first that the pre-sentence report is not part of the judgment of conviction, that it therefore cannot be considered, and that even if it can be considered it shows there was no actual loss in this completed fraud action, and that respondent was not convicted of "attempted" fraud, and that an attempt or conspiracy to commit fraud has not been shown to be a lesser included offense in the crime of "fraud."

This case is controlled by Matter of Onyido, Int. Dec. #3379 (BIA March 4, 1999). This case is also distinguishable from that Board precedent. In Onyido the Board found that under the Indiana statute in question an attempt to defraud was a lesser included within the offense of which the respondent has been convicted. Slip op. at 3, 4. It then held that under Indian law the State need only prove, in addition to intent to defraud, that a substantial step toward the commission of the fraud occurred, in order to prove "attempted" fraud, the lesser included offense. Id. at 3. He "had not completed the transaction required to obtain the proceeds of his crime when he was arrested." Id. The actual holding of the case is that a conviction for fraud, where it includes the lesser offense of attempted fraud, meets the definition of "aggravated felony" in INA §101(a)(48)(U), which prescribes deportability for conviction of an attempt or conspiracy to commit another crime listed as an "aggravated felony." Id. at 4. The Board specifically declined to reach the issue of whether the conviction for fraud where there is no actual loss to the victim constitutes an "aggravated felony" under INA §101(a)(43)(M)(i). Id.

In this case the INS charged the respondent under both sections (M)(i) and (U) of §101(a)(43). However, it presented no evidence whatsoever that an attempted fraud is a lesser offense included within "fraud" under 18 U.S.C. §1344, much less that it is a lesser included offense in the crime of aiding or abetting a fraud under 18 U.S.C.§2. 8 U.S.C. §1344 is actually a divisible statute, penalizing both the execution of a scheme to defraud and the attempt to do so, and neither is a lesser included offense in the other. It is clear from the record of conviction that this respondent was convicted of aiding and abetting the completed execution of a scheme to defraud, not merely an attempt to do so. The fraud was executed, it was not just attempted. But

2

no loss was incurred, and under the statute it is not necessary for a loss to be incurred in order for a person to be convicted of executing a scheme to obtain money from a financial institution under false pretenses. Since there is no evidence in this record, as there was in Onyido, that a conviction of (aiding and abetting) fraud entails a conviction of (aiding and abetting) attempted fraud, the court finds that a crucial link in the Board's chain of reasoning in Onyido is lacking here. The respondent has therefore not been convicted of a crime referred to in INA §101(a)(43)(U).

The next question is the one not addressed by the Board in Onyido -- whether a conviction of (aiding and abetting) an executed fraud where there is no loss to the victim constitutes a crime of fraud where the loss to the victim exceeds $10,000. The very statement of the issue is enough to show that the conclusion is preposterous under the plain meaning of the words used. Item (M)(i) under INA §101(a)(43) does not say that the "attempted" or "intended" loss to the victim must exceed $10,000, but that the "loss" itself must. That was simply not the case here, and this respondent has not been convicted of a crime defined in section (M)(i).

The issue of whether the pre-sentence investigation report may be viewed as part of the record of conviction does not need to be decided here. Even if it were included, the most it shows is that the intended loss to the bank was $10,000. But an actual loss to the bank was not necessary in order for this respondent's act of aiding and abetting the scheme of fraud to be executed.[1]

For the foregoing reasons, elaborated in greater detail in the oral decision on the merits of the case, the found that the ground of deportability had not been proved, and it terminated the removal proceedings.

In light of the respondent's lack of deportability, his light sentence for a non-violent crime, his very great equities, and his long-stable living situation, the court considered release on

---

[1]      The INS argues that since the judgment "adopts" the presentence investigation report, the report is part of the official record of conviction. This conclusion does not necessarily follow from the premise. Reports contain all the information necessary for sentencing. Since much evidence is admissible in the sentencing phase of a hearing which is not admissible in the trial phase (such as hearsay, evidence of past arrests, opinions, etc.), it simply does not follow that the adoption of such a report for sentencing purposes suddenly makes all that evidence an official part of the record of conviction, when evidence leading to the conviction itself is not necessarily part of the official record of conviction.

3

his recognizance the only appropriate custody order pending appeal, if any, of the underlying decision terminating proceedings.

ORDER

IT IS ORDERED that respondent be released from INS custody on his own recognizance.

Decision entered: October 6, 1999

William Van Wyke
Immigration Judge

# EXHIBIT 6

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:

GOGOH, N

RESPONDENT

Case No.: A 34- 269-959

Docket: Uah

IN DEPORTATION PROCEEDINGS

(Removal)/Bond

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☐ The request for a change in the custody status of the respondent be denied.

☒ The request for a change in the custody status of the respondent be granted and that the respondent be:

(1) ☒ released from custody on respondent's own recognizance; or,
☐ released from custody upon posting a bond of $ _____ : and

(2) the conditions of the bond:
☐ remain unchanged; or,
☐ are changed as follows: _____

_____

_____

☐ Other _____

_____

_____

Immigration Judge

Date: 10/6/99

due 11/5/99

Appeal: RESERVED/WAIVED ( A /I/ B )

Form EOIR - 1
REV. - JUNE 93

# EXHIBIT 7

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065

Notice of Appeal to the Board of Immigration
Appeals of Decision of Immigration Judge

| | |
|---|---|
| 1. | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):<br><br>Nnabugwu Acho GOGOH          A 34-269-959<br><br>INS CUSTODY APPEAL<br><br>**! WARNING TO ALL APPLICANT(S)/RESPONDENT(S): Names and "A" Numbers of everyone appealing the order must be written in Item #1.** | For Official Use Only |

2.     Applicant/Respondent is currently    [X] DETAINED    [ ]    NOT DETAINED.

3.     Appeal from the Immigration Judge's decision dated    **October 6, 1999**

4.    **State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

    **! WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

This is an appeal by the Immigration and Naturalization Service.


INS CUSTODY APPEAL

FEE EXEMPT


(Attach more sheets if necessary)

5.    I   ☐ do     desire oral argument before the Board of Immigration Appeals.

         ☒ do not

6.    I   ☒ will     file a separate written brief or statement in addition to the "Reasons(s) for

         ☐ will not     Appeal" written above or accompanying this form.

> **!**   **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

US Immigration and Naturalization Service

| SIGN HERE → | 7. X by *Theodore J. Murphy* | October 8, 1999 |
|---|---|---|
| | Signature of Person Appealing | Date |
| | *(or attorney or representative)* | |

8.                                                 9.

| Mailing Address of Applicant(s)/Respondent(s) | Mailing Address of Attorney or Representative |
|---|---|
| Nnabugwu Acho GOGOH | Stephen D. Converse, Esquire |
| (Name) | |
| c/o York County Prison | ANDERSON, CONVERSE & FENNICK, P.C. |
| (Street Address) | |
| 3400 Concord Road | 1423 East Market Street |
| (Apartment or Room Number) | |
| York, Pennsylvania 17402 | York, Pennsylvania 17403 |
| (City, State, Zip Code) | (City, State, Zip Code) |

> **!**   **WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I   Theodore J. Murphy, Assistant District Counsel    mailed or delivered a copy of this notice of appeal
     Immigration & Naturalization Service
     3400 Concord Rd, York, PA 17402
              (Name)

on   October 8, 1999             to   Stephen D. Converse, Esq.
         (Date)                                   (Opposing Party)

at   1423 East Market Street, York, Pennsylvania 17403
                     (Address of Opposing Party)

| SIGN HERE → | X *Theodore J. Murphy* |
|---|---|
| | Signature of Person Appealing |
| | *(or attorney or representative)* |

Nnabugwu Acho GOGOH
A 34-269-959

## NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS
### (Notice of Custody Appeal Continuation Sheet)
### Nnabugwu Acho Gogoh
### A 34-269-959

The U.S. Immigration and Naturalization Service (hereinafter the "Service"), hereby appeals an order of the Immigration Judge in York, Pennsylvania dated October 6, 1999, ordering the respondent released on recognizance.

The respondent is a 29 year-old male, native and citizen of Nigeria. He was admitted to the United States on September 14, 1976 as an immigrant. He was convicted on March 25, 1999 in the United States District Court for the Southern District of New York, for the offense of Bank Fraud in violation of 18 USC §§1344 and 2. The respondent was released to the custody of the Immigration and Naturalization Service from the Federal Bureau of Prisons on August 18, 1999. He was placed into removal proceedings by issuance of a Notice to Appear dated July 22, 1999. The respondent was charged as removable under section 237(a)(2)(A)(iii) for having been convicted of an offense defined in section 101(a)(43)(M)(i) and (U). The record of conviction and the pre-sentence report ordered prepared by the District Court show the respondent engaged in a scheme in which the potential loss to the victim was $75,348.95.

The Immigration Judge erred as a matter of law in ordering the respondent released on recognizance. The respondent is statutorily ineligible for release on bond.

The Service may raise additional issues in its Appeal brief.

# EXHIBIT 8

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065

Notice of Appeal to the Board of Immigration
Appeals of Decision of Immigration Judge

| | | |
|---|---|---|
| **1.** | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s): | For Official Use Only |

Nnabugwu Acho GOGOH          A 34-269-959

INS MERITS APPEAL

| ! | WARNING TO ALL APPLICANT(S)/RESPONDENT(S): Names and "A" Numbers of everyone appealing the order must be written in Item #1. |
|---|---|

**2.** Applicant/Respondent is currently    [X] DETAINED    [ ] NOT DETAINED.

**3.** Appeal from the Immigration Judge's decision dated    __October 6, 1999__

**4.** State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

> ! **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

This is an appeal by the Immigration and Naturalization Service.


INS MERITS APPEAL

FEE EXEMPT


(Attach more sheets if necessary)

5.  I  ☐ do
       ☒ do not    desire oral argument before the Board of Immigration Appeals.

6.  I  ☒ will
       ☐ will not   file a separate written brief or statement in addition to the "Reasons(s) for Appeal" written above or accompanying this form.

> **!** **WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

US Immigration and Naturalization Service

| SIGN HERE → | 7. X by _Theodore J. Murphy_ | **October 8, 1999** |
| | Signature of Person Appealing | Date |
| | *(or attorney or representative)* | |

8.

| Mailing Address of Applicant(s)/Respondent(s) |
| --- |
| Nnabugwu Acho GOGOH |
| (Name) |
| c/o York County Prison |
| (Street Address) |
| 3400 Concord Road |
| (Apartment or Room Number) |
| York, Pennsylvania 17402 |
| (City, State, Zip Code) |

9.

| Mailing Address of Attorney or Representative |
| --- |
| Stephen D. Converse, Esquire |
| ANDERSON, CONVERSE & FENNICK, P.C. |
| 1423 East Market Street |
| York, Pennsylvania 17403 |
| (City, State, Zip Code) |

> **!** **WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

### CERTIFICATE OF SERVICE
(Must Be Completed)

10.

I    Theodore J. Murphy, Assistant District Counsel    mailed or delivered a copy of this notice of appeal
     Immigration & Naturalization Service
     3400 Concord Rd, York, PA  17402
     (Name)

on    October 8, 1999                  to    Stephen D. Converse, Esq.
      (Date)                                 (Opposing Party)

at    1423 East Market Street, York, Pennsylvania 17403
      (Address of Opposing Party)

| SIGN HERE → | X _Theodore J. Murphy_ |
| | Signature of Person Appealing |
| | *(or attorney or representative)* |

Nnabugwu Acho GOGOH
A 34-269-959

## NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS
(Notice of Merits Appeal Continuation Sheet)
Nnabugwu Acho Gogoh
A 34-269-959

The U.S. Immigration and Naturalization Service (hereinafter the "Service"), hereby appeals an order of the Immigration Judge in York, Pennsylvania dated October 6, 1999, terminating removal proceedings.

The respondent is a 29 year-old male, native and citizen of Nigeria. He was admitted to the United States on September 14, 1976 as an immigrant. He was convicted on March 25, 1999 in the United States District Court for the Southern District of New York, for the offense of Bank Fraud in violation of 18 USC §§1344 and 2. The respondent was released to the custody of the Immigration and Naturalization Service from the Federal Bureau of Prisons on August 18, 1999. He was placed into removal proceedings by issuance of a Notice to Appear dated July 22, 1999. The respondent was charged as removable under section 237(a)(2)(A)(iii) for having been convicted of an offense defined in section 101(a)(43)(M)(i) and (U). The record of conviction and the pre-sentence report ordered prepared by the District Court show the respondent engaged in a scheme in which the potential loss to the victim was $75,348.95.

The Immigration Judge erred as a matter of law in finding the respondent had not been convicted of an aggravated felony as defined by §101(a)(43)(M)(i) and further erred by terminating removal proceedings.

The Service may raise additional issues in its Appeal brief.

# EXHIBIT 9

U.S. Department of Justice          Notice of INS Intent to
Executive Office for Immigration Review    Appeal Custody Redetermination

Date: *October 6, 1999*

Alien Number: *34-269-959*

Alien Name: *Nnabugwo Acho GOGOH*

1.      The Immigration and Naturalization Service (INS) asserts that the respondent is subject to
section 242(a)(2) of the Immigration and Nationality Act (INA) (as in effect prior to April 1, 1997),
section 303(b)(3)(A) of Div. C of Public Law 104-208, or section 236(c)(1) of the INA.

2.      The INS:
        ☒ a.  Held the respondent without bond.
        ☐ b.  Set the respondent's bond at $ _____.

3.      The Immigration Judge on ____*10-6-99*____.
                                   (Date)
        ☒ a.  Authorized the respondent's release.
        ☐ b.  Redetermined the INS bond to $ _____.

4.      Filing this form on ____*10-6-99*____ automatically stays the Immigration
                             (Date)
Judge's custody redetermination decision. See 8 C.F.R. §3.19(i)(2).

5.      The stay shall lapse upon failure of the INS to file a timely notice of appeal in accordance with
8 C.F.R. §3.38 or upon the INS's withdrawal of this notice.

*Theodore J. Murphy*
INS Counsel

_____

I, *Theodore Murphy*, served the Notice of INS Intent to Appeal Custody Redetermination on
   ( Name)

____*Stephen D. Converse*____, on *10-6-99*.
(~~Respondent or~~ Respondent's Representative )     (Date)

*Theodore J. Murphy*
Signature                                          Form EOIR-43
                                                   6/98

*Served in
Court on 10-6-
TSM*

# EXHIBIT 10



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Converse, Stephen D., Esquire
1423 E. Market Street,
York, PA 17403

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: GOGOH, NNABUGWA ACHO                A34-269-959

Date of this notice: 03/29/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*
Paul W. Schmidt
Chairman

Enclosure

Panel Members:
BARTON, ROBERT L.
HURWITZ, GERALD S.
JONES, PHILEMINA M.

RECEIVED DEPARTMENT OF JUSTICE
2000 MAR 31 P 2:55

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A34 269 959 - York

Date:    MAR 29 2000

In re:  NNABUGWU ACHO GOGOH

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Stephen D. Converse, Esquire

ON BEHALF OF SERVICE    Theodore J. Murphy
Assistant District Counsel

CHARGE:

| | | |
|---|---|---|
| Notice: | Sec. | 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony |
| Lodged: | Sec. | 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony |

APPLICATION: Remand

In a decision dated October 6, 1999, an Immigration Judge terminated removal proceedings against the respondent.[1] The Immigration and Naturalization Service has appealed. The appeal will be sustained, and the record will be remanded for further proceedings.

The respondent is a native and citizen of Nigeria who was admitted to the United States on September 14, 1976, as an immigrant. On March 25, 1999, the respondent was convicted in the United States District Court for the Southern District of New York of the offense of bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2. The statute under which the

---

[1] We note that pages 7-34 of the transcript of the removal proceedings mistakenly reflect the wrong date and alien number at the bottom of each page. Our review of the record reflects that the date of the hearing was September 24, 1999, and that the transcript does, in fact, relate to this respondent (Tr. at 7, lines 2 and 3).

A34 269 959

respondent was convicted, 18 U.S.C. § 1344, entitled "bank fraud," provides: "whoever knowingly executes, or attempts to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

In a Notice to Appear dated July 22, 1999, the Immigration and Naturalization Service charged that the respondent is subject to removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, at any time after admission, has been convicted of an aggravated felony, as defined in section 101(a)(43)(D) of the Act, 8 U.S.C. § 1101(a)(43)(D), to wit: an offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000.[2]  On September 24, 1999, the Service charged, in an Additional Charges of Inadmissibility/Deportability (Form I-261) that the respondent is subject to removal under section 237(a)(2)(A)(iii) of the Act, as an alien who, at any time after admission, has been convicted of an aggravated felony, as defined in section101(a)(43)(M) of the Act, 8 U.S.C. § 1101(a)(43)(M), to wit: an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.  The Service also charged that the respondent's offense falls under the aggravated felony definition pursuant to section 101(a)(43)(U) of the Act as an attempt to commit the offense described in section 101(a)(43)(M) of the Act.

The Immigration Judge determined that the Service did not prove removability inasmuch as it did not establish that the respondent's crime involved a loss to a victim or victims in excess of $10,000 (I.J. at 4).  In this regard, the Immigration Judge declined to admit or consider the Presentence Investigation Report prepared by a United States Probation Officer for the United States District Court Judge (Exhibit 4-C for identification purposes).  The presentence report reflects that the relevant forged checks were made out in the sums of $35,353.95 and $39,995 (Exhibit 4-C for identification purposes, at 3).

We find that the Immigration Judge should have considered the presentence report in his adjudication of this case.  This Board has held that the record of conviction may consist of many different documents.  *See Matter of Teixeira*, 21 I&N Dec. 316 (BIA 1996) (citing *Matter of Rodriguez-Cortes*, 20 I&N Dec. 587, 588 (BIA 1992)) (including an information in "record of conviction"); *Matter of Short*, 20 I&N Dec. 136, 137-38 (BIA 1989) (including indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Mena*, 17 I&N Dec. 38 (BIA 1979) (considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); *Matter of Esfandiary*, 16 I&N Dec. 659, 661 (BIA 1979) (including charge or indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Ghunaim*, 15 I&N Dec. 269, 270 (BIA 1975) (including charge or indictment, plea, judgment or verdict, and

---

[2] The Service subsequently withdrew this charge (Tr. at 17).

2

A34 269 959

sentence in "record of conviction")). We have considered the presentence report in our adjudication of criminal alien cases. *See Matter of Sweetser*, Interim Decision 3390 (BIA 1999); *Matter of Arreguin*, 21 I&N Dec. 38 (BIA 1995).

While we have not specifically held that a presentence judgment report is included in a record of conviction, we note that the statute allows for its inclusion. Section 240(c)(3)(B) of the Act, 8 U.S.C. § 1229a(c)(3)(B), lists the types of documents that constitute proof of a criminal conviction:

> PROOF OF CONVICTIONS. - In any proceedings under this Act, any of the following documents or records (or a certified copy of such an official document or record) shall constitute proof of a criminal conviction:

...

> (vi) Any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction.

> (vii) Any document or record attesting to the conviction that is maintained by an official of a State or Federal penal institution, which is the basis for that institution's authority to assume custody of the individual named in the record.

We note that the presentence report was prepared by the United States District Court for the Southern District of New York. The report reflects that the respondent pled guilty to the criminal charges against him. The report states the names of the sentencing judge and the probation officer. The report also includes a summary of the offense conduct, prepared by the probation officer, which provides details of the respondent's crime.

Moreover, as noted by the Service trial attorney, the judgment of conviction itself explicitly adopted the factual findings and guidance application in the presentence report (Tr. at 24; Exhibit 4-B at 6). We therefore find that the presentence report in this case falls within the record of conviction because it was prepared under the direction of the court, and was relied upon to impose a sentence against the respondent. *See* 8 C.F.R. § 3.41(a)(6); *see also* 8 C.F.R. § 3.41(d) (finding that "*any* other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof") (emphasis added). We conclude that the respondent is subject to removal under section 237(a)(2)(A)(iii) of the Act as an alien who has been convicted of an aggravated felony, as defined in section 101(a)(43)(M) of the Act, to wit: an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000. We will remand the record to allow the respondent the opportunity to present any applications for relief from removal.

ORDER: The Immigration and Naturalization Service's appeal is sustained.

3

A34 269 959

FURTHER ORDER:  The Immigration Judge's order dated October 6, 1999, is vacated.

FURTHER ORDER:    The record is remanded to the Immigration Court for further proceedings consistent with this decision.

FOR THE BOARD

# EXHIBIT 11





**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

2000

GOGOH, NNABUGWA ACHO
3400 CONCORD ROAD
YORK, PA 17402-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: GOGOH, NNABUGWA ACHO                    A34-269-959

Date of this notice: 04/27/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
FILPPU, LAURI S.
MATHON, LAUREN R.
MOSCATO, ANTHONY C.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision ... the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A34 269 959 - York

Date:    APR 27 2000

In re: NNABUGWU ACHO GOGOH

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se[1]

ON BEHALF OF SERVICE:    Theodore J. Murphy
                         Assistant District Counsel

APPLICATION:  Change in custody status

ORDER:

     PER CURIAM.  The Immigration and Naturalization Service has timely appealed the Immigration Judge's October 6, 1999, bond decision, which ordered the respondent's release on his own recognizance.

     Pursuant to 8 C.F.R. § 236.1(c)(11), an Immigration Judge may not exercise authority over custody determinations and the review process described in 8 C.F.R. § 236.1(d) shall not apply with respect to any alien beyond the custody jurisdiction of the Immigration Judge as provided in 8 C.F.R. § 3.19(h). An alien in removal proceedings subject to section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c) (Supp. II 1996), is in one of the categories of aliens beyond the custody authority of an Immigration Judge. *See* 8 C.F.R. § 3.19(h)(2)(i)(D). Section 236(c)(1)(B) of the Act mandates that the an alien shall be taken into custody if, *inter alia*, he or she is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(iii) of the Act.

---

[1] For the purpose of this appeal, we cannot recognize the attorney who submitted a brief upon the respondent's behalf because he has not submitted the proper appearance form. *See* 8 C.F.R. § 3.3(a). However, as a courtesy, a copy of this decision will be mailed to:
        Stephen D. Converse, Esquire
        Anderson, Converse, & Fennick, P.C.
        1423 East Market Street
        York, Pennsylvania 17403

A34 269 959

Prior to conducting bond proceedings, the Immigration Judge terminated removal proceedings against the respondent on the basis that he was not subject to removal as charged by the Service under section 237(a)(2)(A)(iii) of the Act because his March 1999 federal conviction for bank fraud did not constitute an aggravated felony as defined in sections 101(a)(43)(M) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(M) and (U) (Supp. II 1996).[2]  The Service appealed the Immigration Judge's decision terminating removal proceedings.

The Immigration Judge then conducted bond proceedings that same day, and consistent with the decision terminating removal proceedings, found that the respondent was eligible for bond because he was not subject to mandatory detention under section 236(c)(1)(B) of the Act.  On March 29, 2000, the Board sustained the Service's appeal of the Immigration Judge's October 6, 1999, decision terminating removal proceedings.  We concluded that the respondent is subject to removal under the aggravated felony ground of deportability because the Service had proven that he has been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act.  We vacated the Immigration Judge's order and remanded the case to the Immigration Judge for further proceedings consistent with our decision.

Because the respondent is subject to section 236(c)(1)(B) of the Act, the Immigration Judge lacks jurisdiction over the instant custody determination under 8 C.F.R. § 236.1(c)(11). Accordingly, the Service's appeal is sustained, the Immigration Judge's bond order dated October 6, 1999, is vacated, and the record is returned to the Immigration Judge.


_Lauren R. Mathon_
FOR THE BOARD

---

[2] The respondent was released from federal prison into the custody of the Service on August 18, 1999.

2

# EXHIBIT 12

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:                                    Case No.: A _34 269 959_

_Gogoh, Nnabugwa_                          Docket: _____York_____

RESPONDENT                    IN ~~DEPORTATION~~ PROCEEDINGS
                                                          _Removal_

### ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _____4/26/00_____
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☒ The respondent was ordered deported to _Nigeria_.

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____.

☐ Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____.

☐ Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____was ( )granted ( )denied ( )withdrawn ( )other.

☐ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☒ Other _Court bound by law of Case - BIA decision 3/29/20_

☐ Respondent was advised of the limitation on discretionary relief for ~~failure to appear as ordered~~ in the Immigration Judge's oral decision.

_No further relief requested by respondent on remand_

Immigration Judge

_May 26, 2000_

Date: _4/26/00_

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 37
REV. - JUNE 93

# EXHIBIT 13





**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

RECEIVED
DEPARTMENT OF JUSTICE
2000 JUL 24  A 8: 14

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

LITIGATION-PHI/YORK

| | |
|---|---|
| GOGOH, NNABUGWA ACHO<br>3400 CONCORD ROAD<br>YORK, PA 17402-0000 | INS LIT./York Co. Prison/YOR<br>3400 Concord Road<br>York, PA 17402 |

Name: GOGOH, NNABUGWA ACHO

A34-269-959

Type of Proceeding: Removal

Date of this notice: 07/20/2000

Type of Appeal: Case Appeal

Appeal filed by: Alien

### NOTICE -- BRIEFING SCHEDULE

o   Enclosed is a copy of the decision of the Immigration Judge.

o   Enclosed is a copy of the transcript of the testimony of record.

o   Appealing party is granted until 08/21/2000 to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o   Opposing party is granted until 08/21/2000 to submit a reply brief to the Board of Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this date.

o

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT:  The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records.  Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits.  It is NOT sufficient simply to mail the brief and assume your brief will arrive on time.  We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

34-269-959

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

 Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
         Board of Immigration Appeals,
         Clerk's Office,
         5201 Leesburg Pike, Suite 1300,
         Falls Church, VA 22041

         Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
         Board of Immigration Appeals
         Clerk's Office
         P.O. Box 8530
         Falls Church, VA  22041.


## FILING INSTRUCTIONS -- Extension Request.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.



 

RECEIVED
DEPARTMENT OF JUSTICE

2000 JUL 24  A 8: 14

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

GOGOH, NNABUGWA ACHO
3400 CONCORD ROAD
YORK, PA  17402-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA  17402

Name: GOGOH, NNABUGWA ACHO

A34-269-959

Type of Proceeding: Removal

Date of this notice: 07/20/2000

Type of Appeal: Case Appeal

Appeal filed by:  Alien

### NOTICE -- BRIEFING SCHEDULE

o     Enclosed is a copy of the decision of the Immigration Judge.
o     Enclosed is a copy of the transcript of the testimony of record.
o     Appealing party is granted until 08/21/2000 to submit a brief to the Board of
      Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this
      date.

o     Opposing party is granted until 08/21/2000 to submit a reply brief to the Board of
      Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this
      date.

o

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT:  The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records.  Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals
within the prescribed time limits.  It is NOT sufficient simply to mail the brief and assume
your brief will arrive on time.  We strongly urge the use of an overnight courier service to
ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as
Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must
be filed with the Board.

34-269-959

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
      Board of Immigration Appeals,
      Clerk's Office,
      5201 Leesburg Pike, Suite 1300,
      Falls Church, VA 22041

      Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
      Board of Immigration Appeals
      Clerk's Office
      P.O. Box 8530
      Falls Church, VA  22041.

**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

2