IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

=============================
NNABUGWU GOGOH,            )
    Petitioner.           )
                           )
    -v-                    )   No.: 1:CV.00-1211
                           )
                           )   (Judge Rambo)
JANET RENO, et al.,        )
    Respondent             )
=============================

FILED
SCRANTON
SEP - 6 2000

PER _____
DEPUTY CLERK



### PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENTS RESPONSE TO ORDER TO SHOW CAUSE

Petitioner Nnabugwu Gogoh, a 30 yr. old native and citizen of Nigeria, pro se, filed an instant petition with this Court on April 20, 2000, challenging his unlawful detention based on his March 25, 1999, conviction of Bank Fraud in the United States District Court for the Southern District of New York, in violation of 18 U.S.C. 1344 and 2, in which the sentence imposed was four months incarceration.

Petitioner was served with Notice to Appear dated July 22, 1999, and charged with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(43)(D).

On September 24, 1999, the service charged, in an additional charges of Inadmissibility (Form I-261) that the petitioner is subject to removal under Section 237(a)(2)(A)

1

(iii) of the Act, as an alien who, at any time after admission, has been convicted of an aggravated felony, as defined in Section 101(a)(43)(M) of the Act, 8 U.S.C. 1101(a)(43)(M), on the basis of an offense that involves fraud or deceit in which the loss to the victims exceeds $10,000, but later withdrew the charge based on the fact that there was no loss to the victim.

## ARGUMENT

Petitioner's continous detention is a violation of his due process and constitutional violation under the Fifth Amendment.

## JURISDICTIONAL ISSUE

The District Court has the jurisdiction to entertain the petitioner's claim under 28 U.S.C. 2241 for illegal detention and violation of due process. Bouyad v. Holmes, 74 F.Supp. 2d 471 (E.D. Pa. 1999), Danh v. Demore, 59 F.Supp. 2d 994 (N.D. Cal 1999), Van Eeton v. Beebe, 49 F.Supp. 2d 1186 (D. Ore. 1999); and Martinez v. Greene, 28 F.Supp. 2d 1275 (D. Colo. 1998). The court found INA 236(c) to be unconstitutional on its face, as violated of the Fifth Amendment's due process clause.

Petitioner does not fall under 236(c) Mandatory detention because his crime was not aggravated felony thus he was sentenced to four months imprisonment and there was no loss to the victim.

As United States District Judge Joyce Hens Green observed, IIRIRA did not repeal the applicability of 28 U.S.C. 2241 to immigration cases because "(e)nshrined in the constitution is the fundamental right to test the legitimacy of an executive detention in heabeas corpus shall not be suspended, unless when in cases of Rebellion or Invasion and the Public Safety may require it'.)." See Lee v. Reno, 15 F.Supp. 2d 26, 30 (D.D.C. 1998).

The decisions rejecting constitutional challenges to 1226(c) are limited to the factual scenarios presented in Para's case and those factual scenarios are Materially distinguishable from that presented in this case. For exanple, in Edward, he was under final order of deportation, and he conceded to the material fact that he was removable because his crime was aggravated felony; possession with intent to distribute a controlled substance in which he was sentenced to a term of four years imprisonment ans was later sentenced to five years probation for violation of his probation. In Para, the Seventh Circuit relied upon the fact that he was a carrier criminal, and he conceded that he was removable alien based on his conviction of aggravated sexual assault. Because of their concession, they both effectively had the keys to their release as they could have simply consented to their removal to their country and end their prolonged detention and inevitable removal.

## GOGOH'S DETENTION PENDING A FINAL ORDER OF REMOVAL IS UNCONSTITUTIONAL

In this instant case, unlike <u>Parra</u>, and <u>Edward</u>, supra, Gogoh, does not conceded that his conviction required his removal from the United States, and both the I.N.S. and the BIA erred in using the presentence investigation report to adjudicate the petitioner's case even though there was no loss to the victim and his crime was for <u>execution</u> of a fraud scheme under 18 U.S.C. 1344(2) in which no <u>loss</u> to the victim is specified in the 8 pages of the sentencing order by the U.S. District Court, and he was not convicted of an attempt to commit Bank Fraud and "Attempt" is not a lesser included offense.

The pre-sentence investigation report is by its nature a confidential report, containing raw and unsubtantiated evidence consisting of a variety of anecdotal accounts including hearsay, comments from victims, relatives, previous employers, and other confidential sources, personal and job history, cooperation with investigators and other factors which have no relevance whatsoever to the fact of our nature of the actual conviction.

Under the federal statue in which the petitioner was convicted, the amount of loss or potential loss to the victim is irrelevant to the conviction itself. It is only important for <u>sentencing</u> consideration, along with the personal history factors and collected statements.

Unlike <u>Parra</u>, and <u>Edward</u>, Gogoh does not stand

convicted of a drug offense or a particularly serious crime, because the rationale of <u>Parra</u>, and <u>Edward</u>, <u>Supra</u>, were linked to the factual settings of those cases, their holdings are unpersuasive here.

While those individuals in question are not eligible for particular relief, Gogoh is eligible for Cancellation of Removal because his crime was not aggravated felony, nor a particularly serious crime and he has been a leagl permanent resident of United States since September 14, 1976, at the early age of 6 years old.

As a legal permanent resident in removal proceedings, his continous detention with out bond implicate a liberty interest for which he was a right to a hearing. See, <u>United States v. Montalvo-Murilla</u>, 493 U.S. 711 S.Ct. 2072, 109 L.ED.2d 720 (1990).

It is presumptive to say that Congress had a legitimate regulatory goal in detaining aliens with criminal convictions, but their detention without a bail hearing to determine their danger to the community and their flight risk, that detention is excessive in relation to the regulatory goal. See, <u>United States v. Salerno</u>, 481 U.S. 739, 107 S.Ct. 2095, 95 L.ED 2d 697 (1987).

In <u>Robert v. INS</u>, 750 F. Supp. 252 (E.D. Mich. 1990), the court stated that no Act of Congress can authorize a violation of the Constitution. The court further wrote:- "The Fifth Amendment speaks of persons, as does the Eight Amendment, it does not speak of citizens; it does not speak of residents, it speaks of person, even excludable alien

found at the United States boarder are protected by the constitution of United States from an infringement on their fundamental liberty.

### 236 (c) DOES NOT APPLY TO GOGOH

Petitioner seeks a declaration that 236(c) does not apply to him. Alternatively, if it does, petitioner seeks a declaration that 236(c) is unconstitutional on its face as violative of his procedural and substantive due process rights under the Fifth Amendment of the United States Constitution.

The Supreme Court has recognized repeatedly for almost 100 years that deportable aliens are protected by the Constitution. See <u>Plyler v. Doe</u>, 457 U.S. 202 (1987); <u>Matthew v. Diaz</u>, 426 U.S. 67 (1976); <u>Yamataya v. Fisher</u>, 189 U.S. 86 (1903). As the court observed in <u>Plyler</u>, "We have clearly held that the Fifth Amendment protects (even) aliens whose presence in this Country is Unlawful." <u>Plyler</u> at 208.

The Fifth Amendment due process clause protects the "vital liberty interest" that is always at stake when an individual is subject to detention by the I.N.S.. There is a liberty interest that is implicated when one is detained, which creates the right to a bail hearing. <u>United States v. Montalvo</u>, 495 U.S. 711 (1990).

The Supreme Court has emphasized that "over no conceivable subject is the legislative power of Congress

6

more complete than it is over the admission and expulsion of aliens." Fiallo v. Bell, 430 U.S. 487, 792 (1977). Nevertheless, the Supreme Court has distinguished between judicial review of substantive immigration decisions and judicial review of procedures for implementing those decisions. INS v. Chadha, 426 U.S. 919, 940-41 (1983); Landon v. Plasencia, 459 U.S. 21, 35 (1982).

It is impermissible to apply Ngo's analysis as cited by the respondent becasue the petitioner was not under final order of removal. This case is quite different from Ngo in the sense that the interest affected by the Mandatory detention is not whether an alien may remain in this country, but whether an alien must be automatically detained while removal proceedings are pending. The Third Circuit's holing in Chi Thon Ngo, 192 F.3d 390 (3rd Cir. 1999), clarifies that the issue of removability is distinguishable from the issue of detention. In Ngo, he was under a final order of removal, there is no question that he would have to leave this country when and if Vietnam agreed to accept him but in the instance case, the petition is still in proceedings and he's entitled to bond since his crime is not aggravated felony or particularly serious crime.

This court should apply the Bouayad analysis in deciding this case because his crime was not aggravated felony or particularly serious crime, he is still in proceedings and not under final order of removal like Parra, Edward and Bouayad, Supra.

The government's assertion that the Court should reduce the weight accorded his private interests in evaluating the due process claim in parra's case is not paralled to this case because Parra's conviction was a crime of violent, aggravated and particularly serious in which Parra conceded to all allegations, but in instant case, Gogoh does not conceded that his crime was an aggravated felony or particularly serious crime since there was no money loss to the victim as the language was spelled out in INA 101(a)(43)(M).

The due process clause of the Fifth Amendment states that "(n)o person .... shall be deprived of life, liberty, or property, without due process of law." U.S. const. amend. v. As it's protection extends to all "persons" within the boarders of the United States, it encompasses deportable aliens. See. Landon v. Plasencia, 459 U.S. 21, 32-33, 103 S.Ct. 321, 74 L.ED. 2d 21 (1982), See also United States v. Balsys, 524 U.S. 666, 671, 118 S.Ct. 2218, 141 L.ED.2d. 575 (1998), holding that "(r)esident aliens are considered 'persons' for purposes of the Fifth Amendment and are entitled to the same protections under the (self-Incrimination) clause as citizens" (Citing Kwong Hai Chew v. Colding, 344 U.S. 590, 596, 73 S.Ct. 472, 97 L.ED-576 (1953); Wong Wing v. United States, 163 U.S. 228, 238, 16 S.Ct. 977, 41 L.ED. 140 (1896)(holding that "Persons within the territory of the United States ... (and) even aliens (may not) be deprived of life, liberty or property without due process of law").

As Justice Jackson remarked, "(i)t overworks legal fiction to say that one is free in law when by the commonest of common sense, he is bound" <u>Mezei</u>, 345 U.S. at 220 (Jackson J., dissenting). It is similarly Unrealistic to believe that the INS detainees are not actually being "punished" in some sense for their past conduct which tantamount to double jeopardy. Finding a fundamental liberty interest implicated in the detention of aliens awaiting a final removal decision, the courts that have found 1226(c) Unconstitutional have applied the compelling interest test of <u>United States v. Salerno</u>, 481 U.S. 739 (1987). <u>See</u>, e.g. <u>Danh</u>, 59 F.Supp. 2d. at 1000-01; <u>Van Eeton</u>, 49 F.Supp 2d at 1189-90; <u>Martinez</u>, 28 F.Supp. 2d at 1281, Concluding that mandatory detention at <u>all</u> criminal aliens is "excessive" in relation to the purposes sought to be advanced by 1226(c). Prevention of flight, protection of the community, and assure enforcement of the Immigration laws... those courts have directed that the I.N.S. afford some process pending the outcome of removal proceedings on individual basis.

In petitioner's case, incarceration implicates a liberty interest because, he was never a threat to the society or individual in general, not a flight risk or threat to the National Security. He had mother, sister, brothers, his own son and fiancee in which they are all American citizens residing in New York.

It is pertinent to note that Gogoh's crime was not aggravated felony or particularly serious crime and

9

should be eligible for bond based on his equities and the family ties in the United States.

## EXHAUSTION

Petitioner is not required to exhaust administrative remedies:

Exhaustion of administrative remedies is not a jurisdictional prerequisite but a matter committed to the "sound discretion of the trial court." Haitian Refugee Center Inc. v. Smith, 676 F2d 1023 (5th Cir. 1982), See, also NLRB v. Industrial Union of Marine and Shipping Workers, 391 U.S. 418, 426, n 8 (1968). It is also notable that "the (INS) regulations do not explicitly require a petitioner to appeal to the Board of Immigration Appeals, prior to seeking judicial review" of a custody determination. Young v. Reno, 114 F.3d 879, 882 (9th Cir. 1998). Similarly, "Congress has not specifically Mandated exhaustion before judicial review of custody determination." Tam v. INS, 14 F.Supp. 2d 1184, 1189 (E.D. Cal. 1998).

The I.N.S. successfully argued before the Immigration Judge and the Board of Immigration Appeals that petitioner has no administrative remedies to exhaust because the Immigration Court lacks jurisdiction to hear his claim for release from custody. The I.N.S. cannot now invoke the exhaustion doctrine here.

Moreover, the BIA has determined that the Transition Period Custody Rules which include language similar to 236(c), apply to an alien's release from custody before

the rule's effective date. See <u>Pastor-Camarena v. Smith</u>, 997 F.Supp. at 1417. Furthermore, exhaustion is futile in light of the BIA's holding in <u>Matter of Noble</u>, Int. Dec. 3301 (BIA 1997) and <u>Matter of Valvez</u>, Int. Dec. 3302 (BIA 1997). Thus, this court should exercise its discretion to not require exhaustion in light of the past position of the I.N.S. that further administrative review is Unavailable and given that exhaustion would be futile. <u>McCarthy v. Madigan</u>, 503 U.S. 140, 114 (1992).

Wherefore, because the statue does not compell the petitioner to exhaust administrative remedies, and his crime was not aggravated felony or particularly serious crime, he pray this court to dismiss the respondent's motion and order them to grant him a reasonable and attainable bond based on his equities and family ties in the United States.

Dated this day of 5th, September, 2000.

Respectfully submitted,

*[signature]*

NNABUGWU GOGOH.

## CERTIFICATE OF SERVICE

CASE NAME: NNABUGWU GOGOH

CASE NO.: 1:CV.00-1211

I HEREBY CERTIFY, that on this __5th__ day of __SEPTEMBER__, 2000. I caused to be served the: PETITIONER'S RESPONSE IN OPPOSITION TO THE RESPONDENT'S RESPONSE

__x__ by placing a true copy theron in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the address set forth below.

____ by causing to be personally delievered a true copy thereon to the person at the address set forth below.

____ by FEDERAL EXPRESS - AIRBORNE EXPRESS to the person at the address set forth below.

____ by CERTIFIED MAIL - return receipt requested to the person at the address set forth below.

____ by TELEFAXING with acknowledgement of reciept to the person at the address set forth below.

ADDRESS OF THE PERSON BEING SERVED

MS. ANNE K. FIORENZA
ASSISTANT U.S. ATTORNEY
P.O. BOX 11754
HARRISBURG, PA 17108-1754

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __SEPTEMBER 5th__, 2000.

_____
Signature